# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JUDITH WATKINS,** | ) |
| | ) **JURY DEMAND** |
| Plaintiff, | ) |
| | ) |
| v. | ) **CAUSE NO:** |
| | ) |
| **LIFTONE, LLC,** | ) Judge |
| | ) |
| Defendant. | ) Magistrate Judge |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Judith Watkins ("Watkins"), by counsel, against Defendant, LiftOne, LLC ("Defendant"), pursuant to the Americans with Disabilities Act, as amended, ("ADAA") 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq.

### II. PARTIES

2. Watkins is a United States citizen and resident of the State of Tennessee, who at all times relevant to this action, resided within the geographical boundaries of the Middle District of Tennessee.

3. Defendant is a Limited Liability Corporation that maintains offices and conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 29 U.S.C. §2617(a)(2) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and 29 U.S.C. §2611(4).

6. Watkins is a qualified individual as that term is defined by the ADAA, 42 U.S.C. § 12111(8). At all relevant times, Defendant had knowledge of Watkins's disability and/or it regarded Watkins as being disabled and/or Watkins has a record of being disabled.

7. Watkins was qualified for FMLA leave during her tenure with the Defendant.

8. Watkins exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, claiming discrimination based on disability and retaliation – EEOC Charge No.: 494-2021-00029. Watkins received her Dismissal and Notice of Suit Rights and files her Complaint within ninety (90) days of her receipt thereof.

9. All events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee, thus venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

10. Watkins was hired by the Defendant in or about August 2018, as a Service Coordinator. Watkins held the same position upon her termination on or about March 29, 2020.

11. During all relevant time periods, Watkins met or exceeded Defendant's legitimate performance expectations.

12. Watkins is disabled within the meaning of the ADAA. Specifically, Watkins suffers from the disabilities – Anxiety, Lupus, Psoriatic Arthritis, and Rheumatoid Arthritis.

13. From near the start of her employment, Watkins was harassed, bullied, and subjected to a hostile work environment by her Manager Trainee, Taylor Merchant ("Merchant"). After Merchant left his employment with the Defendant, the harassment and

hostile work environment was continued and made substantially worse by Jason Horner ("Horner"), who was friends with Merchant. Merchant and Horner were both aware that Watkins has Lupus.

14. Horner – on a near daily basis – would yell at Watkins, use profanity towards her, and Watkins was informed that Horner was sabotaging her work performance.

15. Watkins engaged in a protected activity and reported the harassment and hostile work environment to the Defendant's Operations Manager, Zachary Porter ("Porter"), on several occasions from in or about November 2018 through 2019.

16. Due to the hostile work environment, Watkins disabilities – specifically her Lupus and Anxiety – were greatly exacerbated to the point that, in or about July 2019, Watkins spoke with Defendant's Human Manager, Tara Welchesky ("Welchesky"), about exercising her rights under the FMLA for intermittent leave to treat her disabilities.

17. Watkins applied for and was approved for intermittent FMLA leave on or about August 28, 2019.

18. Porter was furious that Watkins took intermittent FMLA leave and that she required leave for medical appointments, etc. Porter retaliated by taking away Watkins' job responsibilities and assignments without informing her – in addition to continuing with his overall harassment and hostility.

19. The harassment was such that Watkins applied for and took continuous FMLA leave beginning on or about November 20, 2019 to continue through February 18, 2020.

20. Watkins informed Welchesky and Defendant's Human Resources Director, Gene Ketter ("Ketter"), that she was taking the continuous FMLA leave due to the harassment from

Horner. However, to Watkins' knowledge, the Defendant did not conduct any investigation or take any remedial action against Horner.

21. As Watkins' return to work date approached, her doctor would not fully release her to return to work due to her Anxiety and how the work place worsened her conditions. As such, on or about February 14, 2020, Watkins engaged in a meeting with Ketter, Welchesky, and Benefits Specialist, Christian Browning ("Browning"). During this meeting, the Defendant did not engage in the interactive process or otherwise discuss reasonable accommodations for Watkins to return to work. Instead, Watkins was told to consult with her doctor about returning to work. Moreover, Watkins was in the process of appealing her denial of Long-term Disability Benefits and was told she was on approved unpaid medical leave during the appeals process.

22. Nonetheless, on March 29, 2020, Watkins was terminated from her employment and accused of not wanting to return to work, which is simply not true. Additionally, Watkins had made a claim for worker's compensation benefits against the Defendant, which the Defendant initially stated it would approve and later denied her claim after her termination.

23. Watkins was discriminated against, subjected to a hostile work environment, and terminated based on her disabilities in violation of the ADAA and/or Watkins was terminated retaliated against for engaging in a protected activity by complaining about harassment and discrimination and/or her request for an accommodation pursuant to the ADAA. Moreover, Watkins was retaliated against for exercising her rights and taking leave under the FMLA.

## V. LEGAL ALLEGATIONS

### COUNT I - DISABILITY DISCRIMINATION

24. Watkins hereby incorporates paragraphs one (1) through twenty-three (23) of her Complaint.

25. Defendant violated Watkins's rights by subjecting her to a hostile work environment, terminating her employment due to her disability and/or retaliating against her for engaging in a protected activity by complaining about harassment and discrimination and/or her request for an accommodation pursuant to the ADAA.

26. Defendant's actions were intentional, willful and in reckless disregard of Watkins' rights as protected by the ADAA.

27. Watkins has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II – VIOLATIONS OF THE FMLA

28. Watkins hereby incorporates paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant terminated Watkins in retaliation for exercising her rights under the FMLA.

30. Defendant's actions were intentional, willful and in reckless disregard of Watkins' rights as protected by the FMLA.

31. Watkins suffered damages as a result of Defendant's unlawful actions.

### REQUESTED RELIEF

WHEREFORE, Plaintiff, Judith Watkins, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay to Plaintiff all of her lost wages and benefits;

3. Pay to Plaintiff compensatory damages, damages for emotional distress and payment of uncovered medical bills and/or insurance premiums;

4. Pay to Plaintiff liquidated damages for Defendant's willful violation of the FMLA and/or punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*

## DEMAND FOR JURY TRIAL

The Plaintiff, Judith Watkins, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

_s/Kyle F. Biesecker_____
Kyle F. Biesecker, Attorney No. 28872
BIESECKER DUTKANYCH & MACER, LLC
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone: (615) 783-2171
Facsimile: (812) 424-1005
E-Mail: kfb@bdlegal.com

*Attorneys for Plaintiff*